UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JEANNE SANBORN, KATIE BARNETT, AND BRITTANY MORTON, individually and on behalf of those similarly situated.** | : : : : | **CASE NO: 1:19-cv-792** |
| | : | **JUDGE:** |
| **Plaintiffs,** | : : | |
| v. | : : | **PLAINTIFFS' COMPLAINT AND JURY DEMAND** |
| **THE KIDD COFFEE COMPANY, LTD,** | : : | |
| and | : : | |
| **KIDD COFFEE CINCINNATI LLC** | : : | |
| and | : : | |
| **KIDD COFFEE, LTD,** | : : | |
| and | : : | |
| **SMOOTH KIDD COFFEE LLC** | : : : | |
| and | : : | |
| **LANE KIDD** | : : | |
| **Defendants.** | : | |

## PRELIMINARY STATEMENT

1. This is a collective action and class action brought by Plaintiffs Jeanne Sanborn, Katie Barnett, and Brittany Morton, on behalf of themselves and all others similarly situated, to recover overtime compensation and unlawfully withheld tips from their former employers, Defendants The Kidd Coffee, LTD, Kidd Coffee Cincinnati LLC, Kidd Coffee, LTD, Smooth Kidd Coffee LLC (collectively, "Kidd Coffee"), and Lane Kidd.

1

2. Plaintiff Jeanne Sanborn also hereby brings an individual action to recover damages for her wrongful termination by her former employers, the Kidd Coffee Defendants and Defendant Lane Kidd, which termination was in retaliation for her opposition to their illegal pay practices.

3. Defendants Kidd Coffee and Lane Kidd have employed numerous tipped employees (as defined in 29 U.S.C. 203(t)) who have not been paid the full amount of the tips they are entitled to, or the legally required amount for their overtime hours.

4. Defendants Kidd Coffee and Lane Kidd continue to employ numerous tipped employees who work overtime, but are not been paid the full amount of the tips they are entitled to or the legally required amount for their overtime hours.

5. Plaintiffs bring this action (1) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and (2) on behalf of themselves and a class of others pursuant to Ohio Revised Code ("ORC") § 4111.03.

6. Plaintiff Sanborn, individually, brings an action for violation of the FLSA, 29 U.S.C. § 215(a)(3).

## PARTIES

**Plaintiffs**

7. Plaintiff Jeanne Sanborn is a former employee of Kidd Coffee. She was employed as a tipped employee between September 2018 and August 2019.

8. Plaintiff Katie Barnett is a is a former employee of Kidd Coffee. She was employed as a tipped employee for four months between 2018 and 2019.

9. Plaintiff Brittany Morton is a former employee of Kidd Coffee. She was employed as a

tipped employee for a year between 2018 and 2019.

10. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals ("FLSA Collective") pursuant to the FSLA, 29 U.S.C. § 216(b). Plaintiffs and the FLSA Collective were, or are, employed by Defendants as service employees who regularly receive tips in excess of $30 in a month, were or are subjected to Defendants' overtime and tip policies, and work or have worked for Defendants during the applicable statutory period.

11. Plaintiffs Barnett and Morton also bring this action under ORC § 4111.03 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the putative Rule 23 Class were or are employed by Defendants as service employees who were subjected to Defendants' overtime policies, and work or have worked for Defendants during the applicable statutory period.

12. Plaintiff Sanborn, individually, brings an action for violation of the FLSA, 29 U.S.C. § 215(a)(3), as Defendants discharged her from employment in retaliation for exercising her rights under the FLSA.

**Defendants**

13. Defendant The Kidd Coffee Company, LTD is an Ohio limited liability company with its principal place of business located in this judicial district.

14. Defendant Kidd Coffee Cincinnati LLC is an Ohio limited liability company with its principal place of business located in this judicial district.

15. Defendant Kidd Coffee, LTD is an Ohio limited liability company with its principal place of business located in this judicial district.

16. Defendant Smooth Kidd Coffee LLC is an Ohio limited liability company with its principal

place of business located in this judicial district.

17. Defendant Lane Kidd is the owner and manager of the aforementioned Kidd Coffee Defendants, and is responsible for the adverse employment actions alleged herein. Upon information and belief Defendant Kidd is a resident of this judicial district.

18. Defendants subjected Plaintiffs and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over Plaintiffs' Complaint because they are asserting claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

20. This Court has supplemental jurisdiction to hear Plaintiffs' state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiffs' federal claims.

21. Venue in this Court is proper, as the Defendants are residents of this judicial district and a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

22. Defendants are "Employers" within the meaning of the FLSA.

23. Plaintiffs and the putative collective/class members are individuals who were or are employed by Defendants, who were so employed as tipped employees who regularly received tips exceeding $30 in a month, and who were subject to Defendants' policies and/or practices of not paying the required overtime premium and keeping and distributing tips to management and owners.

24. For an as yet unknown period of time, Plaintiffs and the putative collective/class members were not paid the overtime premium for hours they worked over 40 in a workweek.

25. Defendants operate coffee shops located in several marquee downtown office buildings in Cincinnati.

26. Defendant Lane Kidd represents himself as the C.E.O. of the Kidd Coffee Defendants, and he is responsible for and controls the company's payroll practices, policies, and procedures alleged herein.

27. Defendants' coffee shops maintain operating hours from 6:00 AM to 4:00 PM, Monday through Friday.

28. Upon information and belief, it is typical for employees to work for the entire time that the shop is open, as well as handle opening and closing duties.

29. When an employee works over 40 hours in a week, it is the common practice of Defendants to continue to compensate the employee at their regular hourly rate, instead of the time-and-a-half overtime premium.

30. Upon information and belief, the overtime premium is still not being paid to employees who work in excess of 40 hours per workweek.

31. Defendants suffered and permitted Plaintiffs and the putative class to work more than 40 hours in a week without paying them the legally mandated overtime premium.

32. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective/class members were entitled to payment at time and a half their regular rates of pay for all overtime hours worked.

33. For an as yet unknown period of time, Plaintiffs and the putative collective/class members had their tips reduced due to the unlawful and improper distribution of their tips to management, and/or the retention of their tips by Defendants.

34. Because Defendants' coffee shops are located in the lobbies of several prominent office

buildings in downtown Cincinnati, these tips are substantial and lucrative.

35. While Plaintiffs and their coworkers participate in tip pooling at the various locations, Defendant Lane Kidd often reserved a portion of these tips for himself, despite being the owner and manager of these locations.

36. Defendants also maintain and adhere to a policy that tipped employees are ineligible for pooled tips until they have been employed for 40 hours.

37. In or around August 2019, Plaintiff Sanborn realized that Defendant Lane Kidd was taking a portion of the tips left to baristas by customers.

38. Around this time Plaintiff Sanborn also realized that Defendants were not paying employees who worked overtime the legally required overtime premium.

39. Plaintiff Sanborn began discussing with her coworkers her belief that Defendants' tip-skimming practice was illegal, and also discussed their failure to receive time and a half for overtime hours worked.

40. On or around September 4, 2019, a co-worker brought Plaintiff Sanborn's concerns about overtime and tip-skimming to Defendant Lane Kidd. This co-worker also informed Defendant Lane Kidd that the source of his information was Plaintiff Sanborn.

41. Upon information and belief, Defendant Lane Kidd became enraged, asserting that he could run his business as he wished, that he did not have to pay tips, and that if the coworker did not like getting paid straight time during overtime then the coworker would not receive overtime hours at all.

42. Upon information and belief, within hours of this meeting Defendant Kidd terminated Plaintiff Sanborn's employment.

43. On or around September 5 or 6, 2019, Defendant Kidd held a mandatory meeting with all

employees.

44. Upon information and belief, Defendant Kidd told the employees at this meeting that if they took legal action, or discussed the matters alleged herein with Plaintiff Sanborn, they would be terminated.

45. Upon information and belief, Defendants' employees are still not being paid the full amount of the tips they are entitled to.

46. Defendants were aware, or should have been aware, that the Plaintiffs and the putative collective/class members were entitled to the full amount of their share of the tips pooled.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

48. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid tips. The proposed FLSA collective is defined as follows:

> All persons who worked, within the last three years, as tipped employees of Defendants, and who were not paid the full amount of the tips they were entitled to. ("FLSA Tips Collective").

49. Plaintiffs Barnett and Morton file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid tips. The proposed FLSA collective is defined as follows:

> All non-exempt employees of Defendants who worked in excess of 40 hours in any workweek within the last three years, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Overtime Collective").

50. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in forms are attached hereto.

51. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

7

52. During the applicable statutory period, Plaintiffs and the putative FLSA Collective members often worked in excess of 40 hours in a workweek without receiving overtime compensation for their overtime hours worked.

53. During the applicable statutory period, Plaintiffs and the putative FLSA Collective members regularly received tips, but did not receive the full amount of the tips they were entitled to.

54. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their employees overtime compensation when they were fully aware these employees were working overtime hours. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

55. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their employees the tips they were entitled to. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

56. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ALLEGATIONS

57. Plaintiffs Barnett and Morton (the "Ohio Class Representatives") incorporate by reference the preceding paragraphs as if fully alleged herein.

58. The Ohio Class Representatives bring this action under ORC § 4111.03 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

    > All persons who worked as hourly and non-exempt employees for Defendants in Ohio at any time in the last two years prior to the filing of this Complaint, who worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("Ohio Class").

59. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Ohio Class.

60. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Class. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representatives, and both the Ohio Class Representatives and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

61. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

62. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

63. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representatives and the members of the Ohio Class in violation Ohio wage and hour laws;

    b. Whether Defendants' actions were willful; and

    c. The proper measure of damages sustained by the Ohio Class Representatives and the Ohio Class.

64. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

65. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the overtime pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

66. Plaintiffs intend to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiffs and the FLSA Overtime Collective)**

67. Plaintiffs Barnett and Morton and the FLSA Overtime Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

68. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

69. Defendants often suffered and permitted Plaintiffs and the FLSA Overtime Collective to work more than 40 hours in a workweek without overtime compensation.

70. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Overtime Collective at the required overtime rate.

71. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Overtime Collective have suffered a loss of income.

72. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY TIPS

**(On behalf of Plaintiffs and the FLSA Tips Collective)**

73. Plaintiffs and the FLSA Tips Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

74. The FLSA, 29 U.S.C. §203(m)(2)(B), prohibits employers from keeping tips received by tipped employees for any purposes, including allowing managers or supervisors to keep any portion of said tips.

75. Defendants violated 29 U.S.C. §203(m)(2)(B) by regularly and repeatedly keeping tips for their managers and themselves.

76. 29 U.S.C. § 216(b) makes employers who violate §203(m)(2)(B) liable in the amount of the unpaid tips, an equal amount of liquidated damages, costs, and attorneys' fees.

77. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Tips Collective have suffered a loss of income.

78. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT III – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ*.**

**UNPAID OVERTIME COMPENSATION**

**(On behalf of the Ohio Class Representatives and the Ohio Class)**

79. The Ohio Class Representatives and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

80. Ohio Rev. Code §4111.03 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

81. Ohio Rev. Code §4111.10 makes employers who violate Ohio Rev. Code §4111.03 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees.

82. Defendants violated Ohio Rev. Code §4111.03 by regularly and repeatedly failing to compensate the Ohio Class Representatives and the Ohio Class at the required overtime rate.

83. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representatives and the Ohio Class have suffered a loss of income.

## COUNT IV – VIOLATION OF THE FLSA

## TERMINATION IN RETALIATION FOR THE EXERCISE OF RIGHTS

### (Plaintiff Sanborn as to all Defendants)

84. Plaintiff Sanborn incorporates by reference the preceding paragraphs as if fully restated herein, and further alleges that the decision to terminate Plaintiff was based on: (1) her complaints about Defendants' illegal tip and overtime practices; (2) her causing a coworker to institute an informal complaint regarding Defendants' illegal tip and overtime practices; and/or (3) Defendants' belief that Plaintiff intended to file a proceeding or testify in a proceeding regarding Defendants' illegal tip and overtime practices.

85. Defendants' termination of Plaintiff Sanborn was in retaliation for Plaintiff Sanborn exercising her rights under the FLSA, specifically in violation of §215(a)(3) of the same.

86. As a result of Defendants' unlawful actions, Plaintiff has suffered and will suffer damages, including but not limited to lost wages, liquidated damages, emotional distress, mental anguish, attorneys' fees, and costs.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA

    Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio state law;

5. Judgment that Defendants violations of the FLSA were willful;

6. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

7. An award of pre and post-judgment interest;

8. An award of reasonable attorneys' fees and costs;

9. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

10. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**AND WHEREFORE,** Plaintiff Sanborn, individually, hereby demands judgment against Defendants as follows:

1. For damages in an amount equal to her lost back pay and benefits;

2. Reinstatement to her previous position,

3. If reinstatement is not feasible or appropriate, an award of front pay for a reasonable period from the date of the trial forward;

4. Liquidated damages in an amount equal to Plaintiff's lost wages;

5. Compensatory and punitive damages in amounts to be determined at trial;

6. A permanent injunction prohibiting Defendant from engaging in further acts of unlawful retaliation against its employees;

7. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

8. All other and further relief to which Plaintiff may be entitled.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues and claims so triable.

*/s/ Stephen E. Imm*

Stephen E. Imm (0040068)